IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUTHER S. WILLIAMS, | ) | CV. NO. 06-00157 HG-BMK |
| | ) | |
| Petitioner, | ) | FINDING AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| FIRST CIRCUIT COURT, | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

FINDING AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Luther S. Williams filed a Petition for Writ of Habeas Corpus challenging his conviction in the First Circuit Court, State of Hawaii for Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statute § 291E-61.  This Petition has been referred to this court pursuant to Local Rule LR72.5 and 28 U.S.C. § 636(a).

After careful consideration of the Petition, Respondents' Answer, and Williams' Reply, this court FINDS AND RECOMMENDS that the Petition should be DENIED in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner Luther S. Williams crashed his motor vehicle into a tree in the early morning of September 13, 2003.  Two Honolulu Police Department officers arrived at the scene, determined that Williams was intoxicated, and arrested him.  One year later, on September 13, 2004, Williams was tried and convicted for violating Hawaii Revised Statute § 291E-61, Operating a Vehicle Under the Influence of an Intoxicant (OVUII), by a district court of the First Circuit of Hawaii. At trial, the prosecution called two witnesses:  Honolulu Police Department (HPD) Sgt. Ron Hamasaki and HPD Officer Bugarin, the two arresting officers.

Sgt. Hamasaki testified that when he arrived at the scene, he found Williams' car on its side and Williams standing in the median.  Williams identified himself of the driver of the car, and told Sgt. Hamasaki that he had been putting a CD into the CD player and lost control of the vehicle.  Hamasaki testified that he "detected a strong odor of alcoholic beverage" from Williams and that "[h]is speech sounded slurred."

Officer Bugarin testified that when he arrived on the scene a few minutes later, he too "could smell odor of an alcoholic-type beverage emitting from [Williams] when he breathed and when he spoke" and that Williams' eyes

were red and glassy.  Bugarin then administered three Field Sobriety Tests to Williams.  Bugarin testified that during the Horizontal Gaze Nystagmus test, Williams was unable to follow Bugarin's finger movement without moving his head.  He also testified that during the Walk-and-Turn test, Williams "could not keep his feet together as instructed ," had difficulty keeping his balance, and "stepped off the line."  Finally, Bugarin testified that on the One-Leg-Stand test, Williams failed to raise his foot the required six inches, miscounted, and was unable to complete the test.  Officer Bugarin then arrested Williams for OVUII based on Williams' performance on the FSTs.

At the trial, Williams' attorney impeached parts of Officer Bugarin's testimony.  Bugarin admitted that Williams had not actually stepped off the line during the Walk-and-Turn test.  Both Bugarin and Hamasaki testified that a severe accident such as Williams' might cause a person to do less well than normal on the FSTs.  The court also took judicial notice of the fact that red eyes are not associated with intoxication from alcohol.

Williams was subsequently convicted by the trial court based on "the totality of the circumstances."  The trial court ruled that "a serious accident coupled with your demeanor as well as the observation of the officers indicate to me that you were impaired when you were driving."

Williams appealed his conviction to the Hawaii Intermediate Court of Appeals on September 14, 2005. On November 5, 2005, the ICA affirmed Williams' conviction in a summary disposition order. Williams moved for reconsideration, but the motion was denied by operation of law when the ICA failed to rule upon it. Williams then applied to the Supreme Court of Hawaii for certiorari. The Supreme Court granted certiorari, but then dismissed it as improvidently granted on February 27, 2006. On March 20, 2006, Williams filed the Habeas Petition that is now before this Court.

## LEGAL STANDARD

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed to be correct and may only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Additionally a petition for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted all available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective.   28 U.S.C. § 2254 (b)(1); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Court for the Eastern District of California (Gordon), 107F.3d 756, 760 (9th Cir. 1997).

## ANALYSIS

Williams contends that his state OVUII conviction was contrary to clearly established federal law on the due process guarantee of Fourteenth Amendment.  He makes two due process arguments.  First, Williams argues that the ICA's application of the "contributing factor" standard created an unconstitutional presumption and increased the burden of proof after trial.  Second, Williams argues that regardless of the applicable standard of proof, he was convicted without proof beyond a reasonable doubt.  Neither argument succeeds.

The offense of OVUII is committed by: (1) the operation of a vehicle, (2) "[w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty."  H.R.S. § 291E-61(a)(1).  This second element requires that the person be influenced by a specific amount of alcohol.  See State v. Cummings, 63 P.3d,

1109, 1115 n.4 (D. Haw. 2003). Whether that specific amount exists is to be determined by "proof beyond a reasonable doubt that liquor contributed to the diminishment of the defendant's capacity to drive safely." State v. Vliet, 983 P.2d 189, 194 (Haw. 1999); see also State v. Gaston, 108 Haw. 308 (App. 2005). It is this language with which Williams first takes issue.

Williams argues that the ICA's alleged application of the "contributing factor" standard in reviewing his conviction created "a presumption that some unidentified factor in addition to alcohol caused Petitioner to be impaired." (Habeas Petition at 7). Presumptions in criminal cases violate due process where they "undermine the factfinder's responsibility at trial . . . to find the ultimate facts beyond a reasonable doubt." McLean v. Moran, 963 F.2d 1306, 1308 (9th Cir., 1992).

Additionally, Williams argues that even if the presumption of an additional factor does not violate due process by itself, the creation of this presumption by the ICA after Williams' trial but before appellate review violated due process by lowering the burden of proof after trial.[1]

---

[1] This argument is predicated on Williams belief that "[i]n Gaston, the ICA radically and unexpectedly altered Hawaii DUI law in alcohol only cases by holding that the contributing factor test is *also* the test on appeal in alcohol only DUI cases." (Reply, 9-10.)

Both parts of Williams' argument fail because no presumption is raised by the "contributing factor" language of <u>Vliet</u> and <u>Gaston</u>.  Even assuming that the ICA did apply this standard in reviewing Williams' conviction, the word "contributing" in this context does not necessarily imply the presence of a presumed additional factor.  Indeed, the Hawaii Supreme Court has explicitly stated that "where a defendant's intoxication is due in any part to alcohol, it is immaterial that the defendant might also have been affected by other drugs."  <u>Vliet</u>, 983 P.2d at 195.  What matters,  under both the statute and the Hawaii Supreme Court's gloss on the statute, is that the amount of alcohol be sufficient to impair the person's ability to drive safely.  <u>See id.</u>  There is neither a presumption that other factors were present nor a presumption that other factors were not present.  <u>See id.</u>

Second, Williams argues that regardless of whether or not the burden of proof was altered by the application of the "contributing factor" standard, there was insufficient evidence to find him guilty beyond a reasonable doubt.  Where a defendant is convicted without proof beyond a reasonable doubt, the Fourteenth Amendment is violated.  <u>Jackson v.Virginia</u>, 443 U.S. 307, 315 (1979).  Moreover, a habeas petition can be issued if the state court "made an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). In either instance, the factual determinations

made by the state court are presumed correct and can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003).

Here, Williams does not offer clear and convincing evidence to rebut the factual determinations of the state court. The state court convicted Williams based on the "totality of the circumstances." Although Williams did impeach part of Officer Bugarin's testimony at trial, much of the testimony of Officer Bugarin and Sgt. Hamasaki remains unchallenged: the smell of alcohol on Williams' breath, his glassy eyes, his failure to adequately perform any of the three FSTs, and the uncontroverted fact that he lost control of his vehicle. Against this testimony, Williams is only able to suggest the possibilities that his poor performance on the FSTs might have been due to the accident itself and that it would have been possible for Williams to have had an alcoholic beverage after the accident but before the police officers arrived. Williams suggestions do not amount to clear and convincing evidence that the trial court made an unreasonable determination of the facts or that he was convicted without proof beyond a reasonable doubt. The decision of the state court was neither contrary to federal law nor the product of an unreasonable determination of the facts.

## CONCLUSION

For the aforementioned reasons, this court FINDS AND RECOMMENDS that the petition for writ of habeas corpus be DENIED in its entirety.

IT IS SO FOUND AND RECOMMENDED



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 23, 2006

LUTHER S. WILLIAMS V. FIRST CIRCUIT COURT, STATE OF HAWAII; CV. NO. 06-00157 HG-BMK; FINDING AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS