IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUTHER S. WILLIAMS,              ) | CIVIL NO. 06-00157 HG-BMK |
| )  | |
| Petitioner,        ) | |
| ) | |
| vs.                           ) | |
| ) | |
| DISTRICT COURT OF THE FIRST   ) | |
| CIRCUIT, HONOLULU DIVISION,   ) | |
| STATE OF HAWAII,              ) | |
| ) | |
| Respondent.        ) | |
| ) | |
| _____ ) | |

**ORDER ADOPTING FINDING AND RECOMMENDATION, AS MODIFIED,
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Luther S. Williams ("Williams" or "Petitioner") filed a Petition for Writ of Habeas Corpus challenging his conviction in the District Court of the First Circuit, Honolulu Division, State of Hawaii for Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes § 291E-61.  The Petition was referred to the Magistrate Judge pursuant to Local Rule 72.5 and 28 U.S.C. § 636(a).

After reviewing the Petition, Answer, Petitioner's Reply, both parties' objections and the Magistrate Judge's Finding and Recommendation, the Court ADOPTS the Finding and Recommendation, as modified, to Deny Petition for Writ of Habeas Corpus.

1

## BACKGROUND AND PROCEDURAL HISTORY

On March 20, 2006, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ("Petition", Doc. 1.)

On August 4, 2006, Respondent filed an Answer to Petition for Writ of Habeas Corpus. ("Answer", Doc. 10.)

On August 14, 2006, Petitioner filed a Reply to Respondent's Answer. ("Reply", Doc. 11.)

On October 23, 2006, the Magistrate Judge entered a Finding and Recommendation to Deny Petition for Writ of Habeas Corpus. ("F&R", Doc. 14.).

On October 25, 2006, Petitioner filed his Objections to Proposed Findings and Recommendation to Deny Petition for Writ of Habeas Corpus. ("Petitioner's Objections", Doc. 15.)

On October 26, 2006, Respondent filed its Response and Objections to Magistrate Judge's Finding and Recommendation to Deny Petition for Writ of Habeas Corpus. ("Respondent's Objection", Doc. 16.)

The F&R sets forth the relevant background in detail and the Court need not repeat it here.

## JURISDICTION

A federal court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) ("Section 2254") if the petitioner was in custody under the conviction and sentence at the time he filed his petition. See Maleng v. Cook, 490 U.S.

488, 490-91 (1989) (per curiam).  The Court *sua sponte* examines the custody requirement as a jurisdictional prerequisite.  See Means v. Navajo Nation, 432 F.3d 924, 928 (9th Cir. 2005).

In Dow v. Circuit Court of the First Circuit, 995 F.2d 922 (9th Cir. 1993), the Ninth Circuit Court of Appeals addressed the "in custody" requirement in a driving under the influence ("DUI") case.  A state court had convicted the petitioner of DUI.  As part of petitioner's sentence, the state court sentenced him to fourteen hours of attendance at an alcohol rehabilitation program.  Id. at 922-23.  The Ninth Circuit considered whether the class attendance requirement amounted to "custody" under Section 2254.  Id. at 923.  In holding that the mandatory class attendance satisfied the "custody" requirement, the court reasoned: "requiring appellant's physical presence at a particular place, significantly restrains appellant's liberty to do those things which free persons in the United States are entitled to do and therefore must be characterized, for jurisdictional purposes, as 'custody'".  Id. (citation omitted).

In this case, the state court sentenced Petitioner to "14 hours AARP [Alcohol Assessment and Rehabilitation Program] Minimum".  (Answer at Exhibit B.)  Because the state court sentenced Petitioner to class attendance he may satisfy the "custody" requirement depending on when he filed his Petition.

In determining whether the petitioner satisfies the

3

"custody" requirement the court must consider the time the petition is filed.  As long as the petitioner was in custody when he filed the petition, he may bring a habeas petition provided that he still suffers collateral consequences from the conviction.  See Prantil v. California, 843 F.2d 314, 316 n.2 (9th Cir. 1988).  In the context of a criminal conviction, there is a "presumption of significant collateral consequences." Spencer v. Kemna, 523 U.S. 1, 12 (1998).   DUI is a criminal conviction.

In this case, Petitioner could satisfy the custody requirement if he filed his Petition either before he attended the alcohol rehabilitation program or while he was attending the program.  Petitioner cannot satisfy the custody requirement if he completed the program before he filed the Petition.  See Clemons v. Mendez, 121 F. Supp. 2d 1101, 1103 (E.D. Mich. 2000).

The state court stayed Petitioner's sentence pending appeal. (Answer at Exhibit B.)  Petitioner filed the instant Petition on March 20, 2006.  A review of the state court's docket for this case (Case No. 003367800), shows that after Petitioner's conviction was affirmed, the state filed a motion to execute his sentence.  Hearing on the motion to execute sentence is scheduled for March 23, 2007.  Because Petitioner has not yet served his sentence he was still in custody for Section 2254 purposes at the time he filed his Petition.  The Court has jurisdiction over

Petitioner's Section 2254 Petition.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made.  See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

### I.  Petitioner's Objections

Haw. Rev. Stat. § 291E-61 prohibits: (1) the operation of a vehicle, (2) [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty."

Petitioner challenges his DUI conviction under Haw. Rev. Stat. § 291E-61 on two grounds: (1) that the Hawaii Intermediate

5

Court of Appeals' ("ICA") application of the "contributing factor" standard created an unconstitutional presumption and increased the burden of proof after trial; and (2) regardless of the applicable standard of proof, Petitioner was convicted without proof beyond a reasonable doubt.  Petitioner's Objections simply reiterate these two grounds already addressed in the F&R.

    **A.    Ground One**

As to the first ground, the Hawaii Supreme Court has held that the second element of the offense requires that the person be influenced by a specific amount of alcohol and whether that specific amount exists is to be determined by "proof beyond a reasonable doubt that liquor contributed to the diminishment of the defendant's capacity to drive safely."  State v. Vliet, 983 P.2d 189, 194 (Haw. 1999); see also State v. Gaston, 119 P.3d 616 (Haw. App. 2005).  The F&R rejected Petitioner's argument and found that the "contributing factor" standard creates "neither a presumption that other factors were present nor a presumption that other factors were not present."  (F&R at 7.)  The statute's focus is on the amount of alcohol consumed.  Whether another factor contributed is immaterial.  See Vliet, 983 P.2d at 195. The Court agrees and adopts the F&R as to Ground One of the Petition.

    **B.    Ground Two**

As to the second ground, the Petitioner contends that the

Magistrate Judge erred in finding that the Petitioner did not offer clear and convincing evidence that the trial court convicted him without proof beyond a reasonable doubt. The Court denies Petitioner's objection as to his second ground and, for the reasons stated in the F&R, finds that Petitioner has not offered clear and convincing evidence to rebut the factual determinations of the state court or to show that he was convicted without proof beyond a reasonable doubt. (F&R at 8.) The Court adopts the F&R as to Ground Two of the Petition.

**II. Respondent's Objections**

Respondent does not object to the F&R as to the finding on the merits. (Respondent's Objection at 2-3.) Rather, Respondent objects to the lack of finding and recommendation as to the procedural issue of whether Petition has exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1). Respondent's objection is well taken. While the law used to be that a court could dispose of a petitioner's claims on the merits without reaching the issue of exhaustion[1], in Cassett v. Stewart, 406 F.3d 614 (9th Cir. 2005), cert. denied __ U.S. __, 126 S. Ct. 1336

---

[1] See Dougherty v. Crabtree, 812 F. Supp. 1089, 1091 (D. Or. 1991) ("The district court has discretion to decide whether to excuse the failure to exhaust remedies and to reach the merits, or to require a petitioner to perfect the exhaustion of administrative remedies before proceeding in court.").

(2006), the Ninth Circuit clarified that 28 U.S.C. § 2254(b)(1)(2)[2] means that a federal court may "deny relief on the merits of an unexhausted claim only when it is perfectly clear that the petitioner has no chance of obtaining relief". Cassett, 406 F.3d at 624.

Respondent contends that Petitioner did not exhaust his state remedies because he did not fairly present Ground One of his Petition to the Hawaii appellate courts. Ground One of Petitioner's Petition states:

> **GROUND ONE**: The Hawaii Intermediate Court of Appeals violated Petitioner's fourteenth amendment right to due process of law in this alcohol only DUI case (1) by creating a presumption that some unidentified factor in addition to alcohol caused Petitioner to be impaired, and (2) by reducing the burden of proof from proof beyond a reasonable doubt that alcohol caused the impairment to one of proof only that alcohol was a "contributing factor" to Petitioner's impairment.

(Petition at 7.)

Respondent does not argue failure to exhaust as to Ground Two.

As to Ground One, Respondent contends that Petitioner did not raise the precise issues in Ground One until Petitioner's motion for reconsideration to the Hawaii Intermediate Court of Appeals ("ICA") and in Petitioner's application for writ of certiorari to the Hawaii Supreme Court.

---

[2] 28 U.S.C. § 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

Petitioner contends that he was not aware of the precise issues in Ground One until after the ICA's decision. In particular, Petitioner claims that in September 2005, the ICA decision in <u>State v. Gaston</u>, 119 P.3d 616 (Haw. App. 2005), "radically and unexpectedly altered Hawaii DUI law in alcohol only cases by holding that the contributing factor test is *also* the test on appeal in alcohol only DUI cases." (Reply at 9-10.) Although the ICA issued a summary disposition order in Petitioner's case in November 2005, Petitioner contends that the ICA's application of the "contributing factor" standard was implicit because the same panel of the ICA that decided <u>Gaston</u> decided Petitioner's appeal. (Petition at 7-8.)

**A.   The fair presentation requirement**

The issue before the Court is whether Petitioner "fairly presented" the issues in Ground One to the Hawaii appellate courts on appeal so as to fully exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A).

A petitioner may actually exhaust his claims by presenting them in a proper procedural manner to the state courts. To fully exhaust federal claims in the state court, petitioners must alert, or "fairly present" their claims as federal as well as state claims. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995)); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005); <u>Lyons v. Crawford</u>, 232 F.3d 666, 668

(9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001).  A petitioner must make the federal basis of his claim explicit, either by referring to specific provisions of the federal constitution or statutes, or citing to federal case law.  Lyons, 232 F.3d at 668, 670.  This "give[s] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[,]" in the first instance.  Duncan, 513 U.S. at 365.

Ordinarily, to "fairly present" federal claims to a state court, the federal issues must be clearly identified as such in the state court brief presented to that specific court.  Baldwin, 541 U.S. at 32.  Moreover, a prisoner must fairly present his claim *in each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  Id. at 27-28; Casey v. Moore, 386 F.3d 896, 914 (9th Cir. 2004) (accord); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992) (holding that petition was properly dismissed because five of six claims were not presented at every level of direct review).  The state appellate court is not required to read the lower court's opinion or the briefing below to determine whether a federal question has been raised.  Baldwin, 541 U.S. at 32.

    **B.   Petitioner fairly presented the issues in Ground One to the ICA**

Petitioner's argument in Ground One is that the ICA violated Petitioner's fourteenth amendment right to due process by applying

the "contributing factor" standard to his case.  Petitioner argues that he did not know that the ICA would apply the "contributing factor" standard until after it issued its summary disposition order dated November 16, 2005.  Petitioner is correct that he could not have presented the precise "contributing factor" due process issue made in Ground One to the Hawaii appellate courts at any early time.  This is because Petitioner's Ground One due process claim challenges the reasoning of the ICA's decision in upholding the state trial court's decision.

While Petitioner could not have presented the precise "contributing factor" issue raised in Ground One, the Court must consider whether the Petitioner nevertheless fairly presented the actual issue raised in Ground One in its opening brief to the ICA.  The issue in Ground One is whether the ICA applied the proper standard in upholding the trial court's conviction.  In considering a habeas petition, the court generally "review[s] the last reasoned decision of the state court, which in this case was made by the state court of appeal."  See Williams v. Rhoades, 354 F.3d 1101, 1106 (9th Cir. 2004).

Petitioner did fairly present Ground One to the ICA. In Petitioner's opening brief to the ICA he argued: (1) there was insufficient evidence for the court to conclude that he was guilty of DUI beyond a reasonable doubt and (2) the state court convicted him without proof beyond a reasonable doubt.  (Answer at Exhibit

11

D.)  Although the ICA entered a summary disposition order in Petitioner's case, it had earlier published a written order in <u>Gaston</u>, a case factually similar to Petitioner's, in which it upheld a DUI conviction.  The standard applied by the <u>Gaston</u> court, challenged by Petitioner in Ground One, was "proof beyond a reasonable doubt that liquor contributed to the diminishment of the defendant's capacity to drive safely."  <u>Gaston</u>, 119 P.3d at 621 (citations and quotations omitted).  Ground One challenges the appellate court's reasoning in upholding the trial court's conclusion that there was sufficient evidence to convict Petitioner of a DUI.  By presenting the sufficiency of evidence and proof beyond a reasonable doubt issues in his opening brief to the ICA, Petitioner fairly presented the issues in Ground One.  The ICA had a "'fair opportunity' to act on his federal due process claim". <u>Castillo v. McFadden</u>, 399 F.3d  993, 998 (9th Cir.), <u>cert. denied</u> __ U.S. __, 126 S. Ct. 348 (2005) (citation omitted).  Petitioner has exhausted his state court remedies as to Ground One.  Because Ground One is exhausted, the Court may reach the merits of that claim.  As discussed above, the Court denies Ground One on its merits.

## **CONCLUSION**

For the foregoing reasons,

(1) The Magistrate Judge's Finding and Recommendation, to Deny Petition for Writ of Habeas Corpus (Doc. 14) is

12

**ADOPTED AS MODIFIED;** and

(2)  The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 4, 2007.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
Luther S. Williams v. District Court of the First Circuit, Honolulu Division, State of Hawaii; Civil No. 06-00157 HG; **ORDER ADOPTING FINDING AND RECOMMENDATION, AS MODIFIED, TO DENY PETITION FOR WRIT OF HABEAS CORPUS**